DAVIS v BRIDGEPORT TOWNSHIP PLANNING COMMISSION

1. ZONING—REVIEW—DE NOVO REVIEW.

The Court of Appeals reviews the decisions of trial courts *de novo* in zoning cases although great weight is accorded the trial judge's decision.

2. ZONING—SUITABILITY FOR USE—ACTUAL USE.

A zoning ordinance was erroneously declared unconstitutional as applied to plaintiffs' land where the plaintiffs wished to use the land, which was zoned single family agricultural, for a mobile home park and the court found that the land was not suitable for single family residential development but failed to consider its suitability for farming, for which it was actually used.

Appeal from Saginaw, Fred J. Borchard, J. Submitted Division 3 June 4, 1974, at Lansing. (Docket No. 17936.) Decided August 14, 1974.

Complaint by Vibert H. Davis, Ione G. Davis and Quality Home Parks, Inc. against the Township of Bridgeport Planning Commission and Bridgeport Charter Township to enjoin enforcement of the township's zoning ordinance as applied to plaintiff's land. Judgment for plaintiffs. Defendant appeals. Reversed and remanded.

*Liberson, Fink, Feiler, Crystal & Burdick, P. C.,* for plaintiffs.

*Haines & Marti,* for defendants.

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Zoning § 229 *et seq.*
[2] 58 Am Jur, Zoning § 178 *et seq.*

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

R. B. BURNS, J. Vibert and Ione Davis own a parcel of land in Bridgeport Township, Saginaw County, Michigan. The Davises have entered into a purchase agreement with Quality Home Parks, Inc., which plans to develop the land as a mobile home park.

The land consists of 92 acres and is zoned R-1A (single-family agricultural).

The trial judge found:

"From the testimony presented at trial the court finds that the subject parcel could not be effectively developed as single family residential use with the industrial complex, brine and sewage treatment plant in such close proximity. Due to circumstances surrounding the subject property, its zoning classification is unreasonable and as such would render development economically unfeasible."

In zoning cases this Court reviews the decisions of trial courts *de novo,* although we accord great weight to the trial judge's decision. *Sabo v Monroe Township,* 46 Mich App 344; 208 NW2d 57 (1973).

Recently, our Supreme Court in *Kropf v Sterling Heights,* 391 Mich 139, 156–157; 215 NW2d 179, 186 (1974), stated:

"Plaintiffs must bear the burden of proof in attacking the constitutionality of the ordinance in question. It is up to them to present sufficient proofs to the court showing that the defendant city by its action violated one of their aforesaid constitutional rights and thus acted 'unreasonably'. They must show that the city, via its ordinance denied them substantive or procedural due process, equal protection of the laws, or deprived

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

them of their property without just compensation. To each of these claims the court will apply their proofs presented and determine if they have met their burden in showing the ordinance in question to be 'unreasonable', for, as we have said, reasonableness is the test of its validity."

The record substantiates the trial court's findings that the land in question cannot be developed for single family residential use. The industrial complex, brine pond and sewage treatment plant all being in close proximity to the land in question effectively forecloses any real opportunity to develop the land as single family residences.

However, in our opinion, the trial court focused on the one permitted use (single family dwellings) without considering the actual use to which the land was being put: farming.

The record shows that the plaintiffs rent the land to a third party, Mr. Popp, who actively farms a good share of the 92 acres. Mr. Popp has rented the land from the plaintiffs for the last 17 years and it would appear he has paid $600 per year. Mr. Popp receives $1,100 per year from the soil bank for letting 7 acres of the land lie fallow.

The case is reversed and remanded to the trial court for a determination of the economic feasibility of using the land for agricultural purposes as zoned.

Costs to abide the final determination.

All concurred.